motion being sustained by the court, the plaintiff excepted and brought the cause up by writ of error.

THOMAS, for plaintiff in error.

WHICHER, for defendant in error.

---

# Mark Hudson *vs.* R. & O. Matthews.

## *Error to Jefferson.*

Where a declaration contains a count on a promissory note, and also other counts, and it appears that the cause of action had not accrued on the note at the time suit was brought, the court will not presume the verdict to have been rendered on the count upon the note.

The *lex mercatoria*, allowing three days grace on notes, bills, &c., is in force here, until a contrary custom be established.

An action of debt was brought by R. & O. Matthews against Hudson in the District Court of Jefferson county. The declaration contained several counts, and among them, one upon a promissory note for *six dollars and seventy-seven* cents. The note was dated the fifth day of February 1840, payable one day after date. Suit was brought on the eighth day of the same month. A verdict was obtained for *six dollars*

*and seventy-seven* cents.   There was nothing in the record, except the amounts being equal, to show that the verdict was on the note.   There was nothing in the record to show a tender, except a plea of tender.

The following errors were assigned :

1. By the law of the land, and the customs of the country in regard to bills of exchange, and promissory notes, the plaintiff's right of action did not accrue upon the said promissory note, for which the verdict and judgment in this case were rendered, until the three days of grace had expired, after the said note was payable, which in this case would not have been until the tenth day of February 1840, whereas suit was instituted on the same on the 8th day of the same month.

2. The District Court had no original jurisdiction to render a judgment upon a note for the sum of six dollars and seventy-seven cents, and this cause being an original cause in that court, and the jury finding for the defendant for all the other demands declared on.

3. The amount of the said note having been tendered and brought into court, the verdict of the jury should have been for the defendant, generally, and the said judgment ought to have been arrested and set aside.

4. The judgment of the said court awarded full costs against the plaintiff in error.

LEARNED & SHUFFLETON, for plaintiff in error.

RICH, for defendant in error.

BY THE COURT, WILSON, JUSTICE.—The first and third errors set forth in the plaintiff's assignment are not presented by the record of the proceedings in the court below.   The declaration contains some of the common counts in assumpsit, and also a special count upon a promissory note, but it does not appear that the finding of the jury was upon that count.   The verdict was general and as follows, viz: "We, the jury, find in favor of the plaintiff, and assess the damages at $6,77. There is nothing upon the record which shows that the note was given in evidence to the jury, or that the common counts in the declaration were unsupported by testimony.   Can the court presume this?   We think that such a presumption would be a violent one, that if the court ought to presume anything it would be in favor of the legality of the proceedings.   When a party seeks to reverse a judgment he should show affirmatively that there was error.

It does not appear from the record that the amount of the note

was tendered and brought into court, and it is unnecessary to say what the court should have decided upon that state of facts.

The second point has been settled by the court at this term, in the case of Koons vs. Dyer. The District Court has, under our present laws, concurrent jurisdiction with justices of the peace, where the amount in controversy is less than fifty dollars.

The fourth point is settled by the decision of the second, for if the District Courts have concurrent jurisdiction with justices of the peace, in cases where the demand is less than fifty dollars, it follows as a matter of course, that where the party recovers any amount, however small, he is entitled to cost. As the record does not present any erroneous proceedings inthe court below, the judgment of that court must be affirmed.

As the decisions of the questions presented by the plaintiff's first assignment of errors, might tend to prevent in some measure future litigation upon the subject, we have determined to examine them.— These questions present themselves as follows, to wit: 1. Whether the *lex mercatoria* of England is in force in this territory. 2. Whether the note declared upon, is governed by that law. 3. Whether a suit can be instituted on said note, previous to to the expiration of the days of grace, recognized by the law merchant.

These three questions may be considered together. That days of grace have been allowed in the United States as in England, cannot but be admitted. In Chitty on Bills 407 (note of the American editor) we find the following: "The days of grace as allowed in England are generally allowed in the United States. At least no traces can be found of a contrary decision except in the State of Massachusetts, where it is held that no days of grace are allowed unless stipulated in the contract itself." In the case of Renner vs. Bank of Columbia, 5 Condensed Rep. 693, the court say: "We admit in the most unqualified manner, that the usage of making the demand on the third day of grace, has become so general, that courts of justice will notice it *ex officio* and in the absence of any proof to the contrary, will presume that such was the understanding of all parties to a note when they put their names to it."

The Supreme Court of Indiana, 1 Blackford 82, says that the doctrine is applicable to that State although they have no statute recognizing the law merchant.

In the case of Hogan vs. Cuyler, 8 Cowen 203, it was decided that the three days of grace are allowed, as between the maker and holder of a promissory note.

The doubt with us, was, not so much as to the general adoption in the United States of the *lex mercatoria*, as to the necessity of such adoption being proven in the courts of the territory. The latter doctrine is applicable to customs which prevail in foreign countries and which have not been recognized here. See Consequa vs. Willing et al. 1 Peters C. C. R. 225. But as the law merchant has been so generally recognized by the courts of the country, *ex officio*, we feel bound to recognize it until it be shown by testimony that it does not prevail.

The judgment of the court below will be affirmed with costs.